Case 23-1230 Frederick Grainger Jr v. Ottawa County MI et al., argument not to exceed 15 minutes per side. Counsel, when you're ready, you may proceed for the appellant. Good morning. Philip Ellison appearing on behalf of the appellant, Brian Behovitz. I'm reserving three minutes for rebuttal. Your Honor, this morning I'm asking this court to find instructive the case of Technology Training Associates v. Buccaneers, which is the 11th Circuit's decision from 2017 that explains that when an intervention question is before the court, context matters. And in this case, the context for which this motion for intervention by Mr. Behovitz into the Grainger case was to protect his rights both individually and as his interest as a class action. Now, my opponent has cherry-picked a number of various court cases that are in circumstances that are not in the same class action context, are in different set of circumstances, and more often they involve partnership cases or other cases that have nothing to do with the class action. Here, the problem that exists is, and I think the most important factor for the right to intervene by Mr. Behovitz is things that happened as the case sat, or excuse me, as the motion sat for nearly two years, which is the existence of an inferior settlement by a group of plaintiffs and their counsels that do not have the capacity to be able to, or the adequacy to be able to have that particular settlement that's there. Okay, but that's a separate lawsuit. You're talking about the Wayside lawsuit? The Wayside lawsuit, correct. So I mean, the problem I have with this is it seems like your complaints all deal with the Wayside lawsuit and it's the Wayside lawsuit that you should have intervened in, that you should have been a part of, that you should have objected to the settlement, and this suit is basically a parallel suit, and I think with this parallel suit, you're trying to attack the other suit, which is Wayside, but I think Wayside is where you belong and not over here, and why am I wrong with that? I don't believe, personally I don't believe you're wrong with it, but all attempts to intervene into the Wayside suit have been rebuffed and rejected. Why didn't you appeal it then? I mean, if you were, you know, if you tried to get into the Wayside suit and appealed it, I mean, maybe you would have a meritorious claim, but I mean, I don't know, but here it's kind of a, it's really a collateral attack, I think, on the Wayside thing. Well, the problem is that the question that I think that is specifically before you is the question of Mr. Behovitz's opportunity to be able to intervene in the class that he believes is protecting his... There's not a class action anymore because it was denied, right, in this suit? It was denied, though, it was denied not for Rule 23 purposes, which does not make it a true denial, and Mr. Behovitz moved to intervene in the case three days after, respectfully to the district court below, they came up with, he came up with an answer to a question that nobody posed to him, which was he argued that China Agritech served as some sort of basis to not toll, and that's a clearly inaccurate statement of the law, but that's not an issue that can be brought on an interlocutory basis to this court. What we're asking this court to do right now is to allow Mr. Behovitz to step into the Granger case, which was a properly and duly pending class action lawsuit, to be able to protect his interest and his fellow class members. His interest is regarding Berry County, right? And right now, the Granger suit doesn't even involve Berry County, does it? It did at the time. It did at the time. It doesn't anymore, though. I agree with that, at least as it stands today. The fact that it no longer involves Berry County is not within our jurisdiction, is it? I mean, that hasn't been appealed to us. I respectfully disagree because the way, when this case was appealed to this court, that issue had not yet been decided by the district court case. Now subsequent... Was that issue before us on this appeal? Because of the limited nature of the nature of an interlocutory appeal, you're looking at the appeal involving the denial of the intervention. Right. That's all we're looking at, right? I believe you're looking at it through the lens at the time the decision was made, not subsequent events from there. The question would be, was Mr. Behovitz entitled at that time to intervene in that case before subsequent events occur? Okay, so the denial of the motion to intervene was before the class action was denied? It was... No. It was before Mr. Behovitz, or excuse me, Mr. Granger's motion for class certification was denied on March 2nd, 2021. Mr. Behovitz moved to intervene to serve as the class representative three days later from that event. Now at that point, I don't mean to interrupt you, but the point at that point is Judge Maloney had not yet dismissed any of the county defendants at that particular point. That did not come until later. So at minimum, he could have intervened because at least Barry County would have been there in that respect. But we think this case stands for a broader proposition, and that's why I pointed this court to the technology training associates case, which is instructive to courts, at least in the 11th Circuit. And I'm asking this court to adopt it, that the intervention is the tool by which challenges to collusive settlements by reverse auction can be challenged. That's exactly what came up in technology... The collusive settlement is the other's lawsuit, right? But that's the same thing that happened in technology associates as well, technology training associates. There was another case that that... And the court allowed... Now I will admit that the posture of both of those between that case and this case is slightly different. But... Because this doesn't come up very often. This is so rare that you would have a separate case, which is effectively a case by which Wayside at that point had also been denied class certification as well at that point. So the point of all of this is, is that intervention is the tool by which these sorts of cases can be reconstructed or otherwise formulated to be able to continue those cases. Effectively to put it simply put, Mr. Behovitz can pick up the baton where Mr. Granger left off. Let me ask you this. Your client wants to intervene in order to get the court to revisit the issue of whether the class certification should have been granted. Is that right? Well, I think the court... I'm asking the court, at least at this point right now, to allow Mr. Behovitz to intervene in the Granger case to be able for Mr. Behovitz to make that challenge. What this court... That's what I just asked you. He wants to intervene to revisit the class certification issue, which has already been litigated. That's why he wants to intervene, because he wants to bring that back up before the court again. Correct? Correct. And actually, if he's that concerned about the class certification, he doesn't have to intervene here. He could go out and start his own lawsuit and pursue class certification. Isn't that right? He would be able to file his... The point of it is that he was a putative class member, and when you have a putative class member, the Supreme Court has explained that a putative class member can intervene into the pending case, because they're relying on that case, the pending case, for certain rights, such as tolling, such as other benefits that exist. You do not have to bring a separate suit. You have the right to intervene in that individual case to assert particular rights. There's no legal reason why he can't start another suit and seek class certification. Isn't that correct? At that time, that would be true. I'm talking about at this time. But at this time, he would not, because of course, Wayside has issued effectively... The Wayside court has effectively issued an All Writs Act injunction against the commencement of any new class action that wasn't already pending at that time. I would also... Well, in reference to the Wayside case, but he's... We don't know if his allegations would completely duplicate the Wayside case or not, do we? You would, because a proposed complaint was attached to our motion to intervene with Mr. Behovitz, had a proposed pleading that was attached to his motion for intervention and also for himself to be appointed as class counsel. If I could take one step further that may help this court procedurally reach this question that we're asking the court to reach, is Mr. Behovitz did file a 23F petition that is currently pending before this court vis-a-vis the Wayside case. And that is case number 23-103. This court would have the ability to be able to deal with those case... We don't have that case though. Well... The three of us. I don't know... We have the case. Wait a minute. 23-103? 23-103. That's the case number. That's currently pending. It's called N. Ray Granger. Anyway, we haven't been assigned the case, so we actually can't rule on it. I don't know. From our standpoint, from the public... That's not really a case number that would be in our court. That's not how we... We don't have three last digits that I'm aware of. You do for those... That is the designation of a case number for a Rule 23F petition. Oh, okay. That's the name... It's not the merits case. It's not the merits case on that. Now, in the past, courts of this circuit have assigned cases to other panels that have similar issues in that respect. We can't do that on our own, I can tell you that. Maybe our chief judge can do it. Respectfully, from our standpoint, from our public and the litigant side, we don't know who's been assigned the case at all at this point either, any more than maybe perhaps... I don't have it. Okay. Well, fair enough. Perhaps the court would... I don't either, so... Well, of course, asking the court to add more to its plate is always a tall order to ask, but the point is Mr. Behovitz has repeatedly both wanting to intervene in the Stronger Granger case, which should have been his right to be able to do to protect not only his own interest but the interest of the class as a whole, and your question, Judge Clay, went to did he do something with the Wayside case to perhaps... And I think that was kind of tangential, the way you've asked it there, would have been... I wasn't talking about Wayside. I was just asking, can he go out and start a new lawsuit? He can't. I don't know of any reason he couldn't do that. He can't because the Wayside order prohibits him from filing any sort of class action. Of course, that order was entered without any sort of rigorous analysis by the district court. He simply entered... Are you saying that the Wayside court has entered an order directed toward Mr. Behovitz, commanding him by name as to whether he can start another lawsuit? Commanding him by his legal designation as a class member, as a potential punitive class member. He's been barred from bringing... In the Wayside suit, but he can bring, or at least he can attempt to bring an action outside the context of that. Unfortunately, the way the order's written in the Wayside case, he cannot. He cannot. Well, what's in the order that would prevent him from doing that? They have ordered any class member that would be subject to the scope of the Wayside settlement as prohibited from proceeding or otherwise commencing any sort of class action in the case. Well, if that were so, we wouldn't have permission to let him intervene in this case. If he can't intervene in Wayside because he's barred by the settlement and the settlement encompasses his interests and his rights, if you make that argument, the logical conclusion of that argument is that he can't intervene in this Granger case because he's prohibited by the Wayside order from pursuing his class action interests that he's barred by the settlement. So you can't have it both ways. May I respond? How many times may I respond? Yes, please. The motion for intervention was filed in March of 2021. That order in Wayside did not enter until after this appeal had already been taken and had already proceeded forward. What I effectively am asking this court, I think was an important point to do, is that I think the court has to review the intervention motion from the time that the intervention motion was filed, not from subsequent events. Because if subsequent events occurred that are affecting Mr. Behovitz's right, it would essentially be the district court denying this court the jurisdiction to be able to review those intervention orders when those intervention decisions should have been made promptly at the time with the context, again, where I start from, the context from which that relief was sought. Thank you. All right. Thank you. Good morning. Good morning, Your Honors. Matthew Nelson on behalf of the counties. I want to start exactly where Brother Counsel left off. I think he's exactly right. We need to assess the merits of the motion to intervene either at the time the motion was filed or at the very least at the time the decision was made. At that time, the answer to the question of whether he could file a separate lawsuit as a class action against Berry County was absolutely yes, he could. There's no doubt about it. And because he could, he can't possibly have a right to intervene here because the third factor is, is your significant legal interest to the extent you have one harmed such that you can't protect it by not being able to intervene and the answer is it wasn't harmed at all. He absolutely could have filed that action separately. Now what happened later in Wayside is a sort of standard practice where there's a class, preliminary approval of a class action. The class action then basically puts all of the other actions by class members on hold until they have an opportunity to opt out, which is exactly what Mr. Bohovitz did here and he is now free to file a separate lawsuit. He's opted out. He has no interest in participating in the Wayside settlement and as his right, he's excluded. But he has opted out of the Wayside? He has opted out. So he is not bound by that and so he can file it now. I thought he told me that, I thought he told Judge Clay that he's prohibited from doing it. So that's incorrect? He's not going, he's going to have a difficulty, he's going to have difficulty in terms of pursuing a class action at this point because there's a competing class action. I recognize that, but he could file an individual lawsuit. Absolutely. And in fact, Brother Counsel along with other counsel engaged in an opt out campaign and have hundreds of opt outs and they're in the process of filing all of the opt out lawsuits. That's the other point with regard to Mr. Bohovitz in terms of context does matter. Sometimes there's a significant legal interest in terms of a class action and the cases speak to this, where the amount of a particular claim is so small that pursuing it on an individual basis doesn't make any sense. That's not this case. Mr. Bohovitz's claims are worth more than $131,000, at least to his reckoning. And so he has every incentive to pursue this. So, you're telling us not only could Mr. Bohovitz file a separate class action, he could also pursue relief in another way? Is that what you just said, individually or not? Your Honor, my apologies for not being particularly clear. Well, I don't know. I may be particularly unclear in terms of my understanding, but tell me what you just, tell me what his situation is in your opinion.  In 2021, in March, when he filed his motion to intervene, he could have filed a separate class action against Berry County. He had the right to do that. He chose not to. Instead, he said, I want to intervene here. From that time all the way through the decision to deny his motion to intervene, and for some weeks thereafter, he continued to have the ability to file a class action against Berry County, identifying himself as a putative class representative. After the motion for preliminary approval was, order was entered, with the injunction against continuing litigation on the same claims by class members, he was temporarily prevented from pursuing a claim in a separate court. He didn't file an appeal from the injunction, as he could have done, and he did seek to file a 23-F petition. I'll come back to that in a moment. What's a 23-F petition? Rule 23, of course, governs class certification. Rule 23-F provides discretionary appeals from the grant or denial of class certification. So, but going back to, so that in the class action in Wayside Church, Mr. Behovitz excluded himself from the class, as he was entitled to do, in a timely manner, and he is now free to file an individual lawsuit against Berry County, subject to whatever defenses they might have. So, bottom line is, he can obtain his individual relief. Correct. So, all this is not about his not getting relief at all, but only about whether he can pursue that relief as a class representative. In this particular case. It's not even, I mean, because he could have pursued it as a class representative earlier, and he chose not to. He wants to do it here. There may be a variety of reasons for that. I'm not going to speculate as to counsel's motivation. But the fact of the matter is, what he's trying to do, there's another, there's an additional reason why the intervention couldn't possibly have been granted here. Because he has no legal interest in the only actual claims that have ever been properly before the district court. So, Mr. Granger was purportedly injured by Ottawa County. You're talking about this suit, now, as opposed to the Wayside suit. Yes. This is this suit. Right. Because I've got to keep them straight. I mean, they kind of combine them and, you know, move them together, which is kind of the problem of dealing with this case. They say the settlement was collusive in that case, and that somehow that affects his rights. But if he's not a member of the Wayside suit, he's not bound by the collusive settlement, is he? He is not. So, so what does it, what does it, does it make any difference? Other than he wants to be the class representative. He not only wants to pursue his $130,000, he wants to be the class representative for everybody else, right? And that, that's what, that's what this is all about, then. To be, to be right. To be frank, the discussion of the preliminary approval in Wayside is a, is a red herring. He suggests that Judge Maloney was somehow motivated by that here. In fact, that's what he said yesterday in his brief, Mr. Behovet said yesterday in his supplemental filing with this court. He says the triggering event that serves as the basis to deny Mr. Behovet's intervention into Granger was the improper preliminary approval in Wayside. And that's nonsense. Preliminary approval didn't happen until more than a month and a half after the order denying the motion to intervene here. And nowhere in the record can I find this malign motive on the part of Judge Maloney. It's just not in the record. They've, they've made this up out of whole cloth. Second, with regard to the Wayside Church dispute, as Your Honor, Judge Griffin, you've identified, that's not before this court. The court doesn't have appellate jurisdiction over it. Basically what they're seeking is adverse commentary from this court with regard to that particular ruling that they can then use in that case to oppose the final approval. That's an advisory opinion. That's outside the scope of justiciability in this case. So we're left with, could Mr. Behovet's intervene by right here, in this case, looking solely within the four corners of this case? And there, in addition to the issues that we've already talked about, there's another problem. This case has never been anything other than a case between Mr. Granger and Ottawa County. Now, Mr. Granger came in and he said, I'm suing 40 plus additional counties, except under Article 3, he had no standing to do that. And it's not as though this court's decision in Fox, which rejected the juridical link doctrine, somehow created this new legal principle that prevented it. And he had claims before and he doesn't have claims now. No, it simply stated what has always been the case. Under Article 3, you must have a claim against every defendant you sue. Because if you haven't been harmed by every defendant, the court doesn't have a justiciable controversy and thus lacks subject matter jurisdiction over any purported claims against anyone else. And so here, Judge Maloney got to that conclusion the same day he entered the order denying intervention, which was about, if I recall correctly, about two months before this court's decision in Fox. But the effect of that decision and the reality of the case from the very beginning was, there was never subject matter jurisdiction over any purported claims against any of these other defendants. So actually, in this case, Berry County was never properly part of the case in the first place. In effect, what we're talking about isn't intervention, because Mr. Behovitz has no interest in any claims against Ottawa County, his claims are only against Berry County. We're actually talking about joinder of what is in effect two separate lawsuits. And so when the court, when the district court analyzed both the permissive and the mandatory intervention standards, the court reached precisely the right result. There is no, there is no ability for Mr. Behovitz to intervene in this case, and the district court did not err. To address a few, let me just, I'm sorry, if I may take just a moment to see if there's anything else that, from brother counsel's arguments that I need to address. The only other, I think, point that's appropriate to address is, there was a suggestion that after the court denied the motion for class certification based on its assessment of China Agritech, that there was no ability to then raise that issue with this court. Again, Rule 23F, which we talked about a few moments ago, allows petitions to appeal the denial of class certification. Now, perhaps they felt bound in the fact that the ruling wasn't specifically pursuant to Rule 23, but there was at least an avenue that they could have pursued, and frankly that they've used to pursue quite vigorously elsewhere. Unless the court has further questions, I would ask that the court affirm the district court's ruling, and I'll cede the balance of my time. I have none. Thank you. Thank you. I have two points to make, and this is my final reply. I would ask the court to look very carefully, and I know it's, because I had to do it myself in preparation for today, I did it yesterday, is literally list out the triggering events that are in the brief. The court needs to understand, Wayside Church case filed a motion for class certification and was denied. Our case, the Granger case, we filed a motion for, thereafter, a motion for class certification, and Judge Maloney's rule, there wasn't a Rule 23 problem that we didn't meet, but rather he identified this notion of China Agritech as being a problem. Three days later, we brought in another plaintiff to simply substitute out, which is a common practice in class action practice, to be able to, for Mr. Behovitz to pick up the baton and leave off after two, both Wayside and Granger have been denied class certification. What's important to understand at that point is, is that Judge Maloney then sat on that motion for two years. Two years, he sat on that motion. And during that time, that's when the Wayside Church folks went out and did this collusive auction that we were referencing a bit earlier. It's our belief that had the court properly done the motion for intervention, and properly dealt with the class certification order at that time, which I believe we have a concession from brother counsel that it needs to be reviewed from that standpoint, that all the subsequent events thereafter would not have occurred. And this court can essentially roll those things back in time and allow Mr. Behovitz to have his chance to be class counsel, and to serve as the class representative in this particular case, and challenge the collusive nature of what happened in Wayside. I would also, tied very directly to that, the question that I'm kind of getting the sense that it's there, and maybe it hasn't been asked directly is, is what's the point? Mr. Behovitz can go and file his own case and preserve his own interest. I would point this court on pages 27 and 28 of our opening brief, the key case for this court to look is Coyke v. Starbucks, which goes in great detail about the fact that a person has an interest, not only when pursuing an individual claim, but when they bring class action claims, they have an interest to be able to pursue those claims as a class. And that there's numerous benefits to serving, by undertaking and serving as class representative on a class case going forward. By denial of that intervention, you're going to be denying, and the district court below did deny, Mr. Behovitz all of those rights and benefits from being able, going forward. Instead, we end up with this settlement, and I mean, we could, and I don't want to get into it right now, but this settlement, as we've outlined, is an atrocious settlement that basically, and I would point this court to a case called Freed v. Thomas, which I was counsel on, that resulted in this court, earlier this year, more than tripling the relief that the class representatives would have received under Wayside. Well, is the problem from your client's standpoint that he waited until there was a settlement to decide he wanted to intervene because he didn't like the settlement? That's the key right there. He didn't wait. He made that motion over two years beforehand. That's the point I want to get across. He made that motion two years before Wayside showed up on the scene. Well, he threw a motion in the hopper, and he didn't press the court, apparently, to adjudicate it. If there's a way that he waited to see what the settlement was, and then when he didn't like the settlement, he kind of went ballistic. Well, let me just say this. I can be accused of many things in litigation. Not needling the district court judge to move is certainly not one of them, if the court takes a look at the voluminous nature of the docket. I see I'm out of time. Thank you very much.  Thank you very much. The case is submitted.